## CHAPMAN v. RED BALL BUS & BAGGAGE CO.

No. 23185. Sept. 25, 1935.

W. J. Davidson, for plaintiff in error.

Cheek & Lee, Jas. C. Cheek, Frank E. Lee, and Ray Teague, for defendant in error.

PER CURIAM. This is a personal injury case originally filed in the district court of Oklahoma county, wherein plaintiff in error sought to recover damages from the defendant in error on account of personal injury alleged to have been sustained while he was a passenger on one of defendant in error's busses, as a result of the negligent operation thereof. The case was submitted to a jury under proper instruction by the court, and resulted in a unanimous verdict for the defendant in error, who was likewise defendant below.

Plaintiff in error complains:

"(1) Of the admission of incompetent and irrelevant testimony offered by the defendant, in substance, to the effect that the bus operated by the defendant company in which plaintiff is alleged to have sustained his injury was purchased by defendant from a regular and reputable manufacturer and was constructed by the manufacturer in the usual and customary manner, and that the defendant had nothing to do with the construction. In other words, the defendant pleaded and proved that the bus on which plaintiff was alleged to have been injured was of standard design and construction and of a type commonly used throughout the United States.

"(2) Misconduct of the defendant in that an alleged investigator of the defendant illegally and fraudulently procured certain X-ray pictures of plaintiff's injured parts and either lost or destroyed the same so that they could not be used at the trial."

He makes a third assignment, but admits that two and three may be considered and presented together.

We have reviewed the testimony at length and are of the opinion that both contentions are without merit. Plaintiff in his petition complains of the negligent operation of the bus, while at the trial and in this court he complains of negligent construction. In his brief he concludes his argument in this language:

"We concede that it might have been competent for the defendant to produce testimony as to the number of busses so equipped which were in operation by defendant in this immediate territory, and that no accident on account of this type of equipment had ever been reported."

He thus admits that it would have been proper for the defendant to have substantially proven what he objected to in his first assignment of error had defendant gone a bit farther and proved that no accident on account of this type of equipment had ever been reported; however, in the trial of the case when counsel offered such proof it was objected to by counsel as irrelevant and immaterial, and was sustained by the court. It thus appears that if error was committed, which we doubt, it was at plaintiff's suggestion, and therefore he will not now be heard to complain. Further, we held in Lane v. Choctaw, O. & G. R. Co., 19 Okla. 324, 91 P. 883:

"It is the duty of a carrier of passengers for reward to provide fit and suitable accommodations for all the passengers that it receives and attempts to transport, and 'proper accommodations' means seats such as are usually provided and in use in a vehicle intended for the transportation of passengers."

With reference to the second complaint, we have examined the evidence and find that it is not well taken. The plaintiff was not prejudiced by the absence of the two X-ray plates as it appears from the record that he had available and used other X-rays, some of which were taken before and some after the time those were taken which were lost. The doctor who took the lost plates and who had examined them later was permitted to testify as to what they showed without objection on the part of the defendant. If any one suffered by their loss it was the defendant, not the plaintiff. Certainly a jury of laymen would not have been any the wiser had the doctor produced the plates themselves. In passing on this feature the trial court said:

"What difference does it make whether the X-ray plates themselves were here or not—the jury don't know anything about X-ray plates, except to what the doctor testifies to."

With this we agree.

It follows the case should be, and is affirmed.

The Supreme Court acknowledges the aid of Attorneys H. C. Wallace, J. G. Austin, and L. A. Wetzel in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wallace, and approved by Mr. Austin and Mr. Wetzel, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration. this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH. PHELPS, and CORN, JJ., concur.